UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CASSANDRA DANIELS,

        Plaintiff,

   v.                                         23-CV-939-LJV-JJM
                                                 DECISION & ORDER

DAEMEN UNIVERSITY,

        Defendant.

_____

        On September 7, 2023, the pro se plaintiff, Cassandra Daniels, commenced this action under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Americans with Disabilities Act of 1990, and New York State law. Docket Item 1. After the defendant, Daemen University ("Daemen") answered the complaint, Docket Item 4, this Court referred the case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C § 636(b)(1)(A) and (B), *see* Docket Items 8 and 25.[1]

        On October 18, 2024, Daemen moved to dismiss the case with prejudice under Federal Rules of Civil Procedure 37 and 41. Docket Items 24 and 24-8. More specifically, Daemen argued that dismissal was warranted based on Daniels's failure to (1) comply with Judge McCarthy's discovery orders and (2) prosecute her case. Docket

---

[1] This Court initially referred this case to Judge McCarthy under only 28 U.S.C. § 636(b)(1)(A). Docket Item 8. It subsequently issued an amended referral order providing that Judge McCarthy "shall also hear and report upon dispositive motions for the consideration of [this Court under] 28 U.S.C. § 636(b)(1)(B) and (C)." Docket Item 25.

Item 24-8 at 8-12.[2]  Daniels opposed that motion and asked Judge McCarthy to issue an amended scheduling order, Docket Item 31; she also moved for the appointment of counsel, Docket Item 30.  Daemen then replied.  Docket Item 32.

On February 3, 2025, Judge McCarthy issued a Report, Recommendation, and Order ("RR&O") denying Daniels's request to extend the pretrial deadlines.  Docket Item 33 at 4-5.  In addition, he recommended that Daemen's motion to dismiss be granted, *id.* at 5-9, and that Daniels's motion for counsel be denied as moot, *id.* at 10.

Daniels objected to the RR&O, Docket Item 36, and she filed her "Rule 26 Initial Disclosures" along with her objections, Docket Item 37 (bold and some capitalization omitted).  After Daemen responded to the objections, Docket Item 39, Daniels replied, Docket Item 44.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review de novo those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the RR&O; the objections, response, and reply; and the materials submitted to Judge McCarthy.  Based on that de novo review, the Court accepts and adopts Judge McCarthy's recommendation in part.  More specifically, while the Court agrees with Judge McCarthy that Daniels's consistent failure to comply with her discovery obligations warrants sanctions, it respectfully disagrees that the ultimate sanction—dismissal—is warranted now.  The Court therefore refers the case back to Judge McCarthy to impose a lesser sanction, perhaps assessing

---

[2] Page numbers in docket citations refer to ECF pagination.

an appropriate award of attorney's fees from Daniels to Daemen.  **Daniels is now explicitly warned that further noncompliance with a court order, including a scheduling order, may well and likely will result in the dismissal of this case.**  Finally, Daniels's motion for counsel is denied without prejudice.

## **DISCUSSION**[3]

### I.  PROCEDURAL CHALLENGES TO DANIELS'S OBJECTIONS

As a threshold matter, Daemen raises several arguments about how this Court should review the RR&O in light of Daniels's objections.  See Docket Item 39 at 6-14.  The Court addresses each below.

#### A.  Standard of Review

As stated above, courts review de novo any portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Daemen nevertheless argues that de novo review is inappropriate here because Daniels failed to follow the Local Rules in her objections.  See Docket Item 39 at 6-10.  In particular, Daemen says that Daniels's objections do not "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection," nor do they include the "legal authority" upon which the objection is based.  Id. at 6 (quoting Loc. R. Civ. P. 72(b)).  In light of those failures, Daemen argues, this Court should not consider her objections at all, id. at 6-8, or it at least should find that they trigger only "clear error" review, id. at 8-10.

---

[3] The Court assumes the reader's familiarity with the factual background of this case and Judge McCarthy's analysis in the RR&O.  See Docket Item 33.

3

This Court disagrees.  It certainly is true that when a litigant's objections raise only "general" or "conclusory" arguments that a magistrate judge's findings are incorrect, a district court judge need review those findings only for "clear error."  *See Malloy v. City of New York Dep't of Homeless Servs.*, 2022 WL 4227095, at *2 (S.D.N.Y. Sept. 13, 2022).  But that is not the case here:  On the contrary, Daniels's objections specifically address each of the factors analyzed by Judge McCarthy in the RR&O.  *See* Docket Item 36 at 5-7; Docket Item 33 at 5-9.  And while it is true that she does not cite any cases in support of her argument, she clearly engages and responds to the legal analysis of the RR&O.  *See* Docket Item 36 at 5-7.

What is more, "[b]ecause [Daniels] is proceeding pro se," this Court must "read[ her] objections 'liberally and . . . interpret them to raise the strongest arguments that they suggest.'"  *See Velasquez v. Metro Fuel Oil Corp.*, 12 F. Supp. 3d 387, 397 (E.D.N.Y. 2014) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).  Under such a construction, the Court finds that Daniels indeed has raised specific objections to Judge McCarthy's RR&O—namely, to the recommendation that this action be dismissed with prejudice.  The Court therefore reviews that recommendation de novo.[4]

---

[4] Daemen also argues that Daniels's objections should be rejected because they included a "false" certification.  *See* Docket Item 39 at 7 (citing Docket Item 36 at 8); *see also* Loc. R. Civ. P. 72(c) (requiring "[a]ny party filing objections" to "include . . . a written statement either certifying that the objections do not raise new legal/factual arguments[] or identifying the new arguments and explaining why they were not raised to the [m]agistrate [j]udge").  More specifically, it says that Daniels's certification did not identify the new material included in her objections, much less justify why the Court should consider that material, and that her certification does not correctly name the magistrate judge.  *See id.*  But as explained below, *see infra* Section I.B, Daniels does not seem to have been trying to hide anything; also as noted below, Daemen itself characterizes the objections as largely "reiterat[ing] the same arguments and excuses" she asserted before Judge McCarthy.  *See* Docket Item 39 at 11.  And in light of the leeway that this Court must afford pro se litigants, *see LeSane v. Hall's Sec. Analyst,*

4

*See id.* (holding that because under a "charitable reading" of pro se objections, they "put forward a number of objections to specific portions of the" magistrate judge's findings, the court would review those findings de novo).

### B.     Consideration of New Evidence

Daemen also asks this Court not to consider the "new evidence and arguments" included in Daniels's objections but not submitted to Judge McCarthy.  Docket Item 39 at 11-14.  While a "district court has discretion to 'receive further evidence' when considering the recommendation of a magistrate judge[,] . . . 'courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation.'"  *McBryde-O'Neal v. Polichetti*, 2025 WL 752055, at *4 (S.D.N.Y. Mar. 10, 2025) (first quoting 28 U.S.C. § 636(b)(1); and then quoting *Fischer v. Forrest*, 286 F. Supp. 3d 590, 603 (S.D.N.Y. 2018)); *see also Dallio v. Hebert*, 678 F. Supp. 2d 35, 42 (N.D.N.Y. 2009) ("[A] district court will ordinarily refuse to consider arguments, case[]law and/or evidentiary material that could have been, but was not, presented to the [m]agistrate [j]udge in the first instance." (quoting *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 425 n.1 (N.D.N.Y. 2009))).

Notwithstanding Daniels's pro se status, the Court will follow that rule here.  As Daemen notes, Daniels's objections do not explain why she could not have filed that material before Judge McCarthy in her initial opposition to dismissal.[5]  *See* Docket Item

---

*Inc.*, 239 F.3d 206, 209 (2d Cir. 2001), it declines to reject Daniels's objections based merely on an errant certification.

[5] Daniels seems to include new exhibits in an attempt to respond to Judge McCarthy's finding that she "offer[ed] no medical support for [her] assertions" that her medical condition impacted her ability to meet case deadlines.  *See* Docket Item 33 at 4.  Indeed, she says in her reply in support of her objections that she did not realize she

5

39 at 12; *see also* Docket Item 36.  Therefore, to the extent that Daniels has submitted new material—including in the form of documents that were not before Judge McCarthy, *see* Docket Item 36 at 9-20—that material is not properly before this Court and will not be considered.  *See McBryde-O'Neal*, 2025 WL 752055, at *4.

As Daemen itself acknowledges, however, Daniels "primarily uses her [o]bjections to . . . reiterate the same arguments and excuses that [Judge] McCarthy considered and rejected when issuing the [RR&O]," while also "attempt[ing] to introduce . . . more detailed and new excuses for her conduct, and additional analysis of the factors considered on a motion to dismiss."  *See* Docket Item 39 at 11.  For its part, this Court understands Daniels to raise essentially the same argument in her objections that she made in her initial opposition to Daemen's motion to dismiss: that sanctions are not warranted given her good faith attempt to engage in litigation, and that even if sanctions are imposed, dismissal is not appropriate.  *See* Docket Items 31 and 36.  The Court therefore addresses those objections.

---

had to provide that level of detail until after Judge McCarthy's RR&O.  *See* Docket Item 44 at 6.

The Court agrees with Daemen that this is "new evidence" that could have been presented to Judge McCarthy and does not consider that evidence here.  But it certainly understands Daniels's pro se attempt to respond, in good faith, to the findings of Judge McCarthy's RR&O.  And regardless, the sanction imposed is vacated and Judge McCarthy can consider the medical evidence in deciding on a new sanction.  So there is no reason for this Court to address further whether it should consider the new evidence.

## II.     DANIELS'S OBJECTIONS[6]

### A.     Dismissal of this Action

Daemen moved to dismiss this action under Federal Rules of Civil Procedure 37 and 41 based on both Daniels's failure to comply with discovery obligations and her failure to prosecute. Docket Items 24 and 24-8.

Rule 37 provides that "if a party . . . fails to obey an order to provide or permit discovery," the court may impose sanctions, including by

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Rule 41 allows for the dismissal of an action when a plaintiff fails to prosecute the case or flouts court orders; that rule states that "[i]f the

---

[6] To the extent that Daniels objects to Judge McCarthy's decision not to extend the deadlines of the case management order, see Docket Item 36 at 2-5, this Court overrules that objection. Because a magistrate judge's decisions regarding such deadlines are non-dispositive, appeals of those decisions are subject only to clear error review. See 28 U.S.C. § 636(b)(1)(A) (providing that a district judge may reconsider a magistrate judge's decision on a non-dispositive order only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); *Maxwell v. Becker*, 2015 WL 5793403, at *1 (W.D.N.Y. Sept. 30, 2015) ("[W]ith respect to non-dispositive discovery disputes, the magistrate judge is afforded broad discretion which a court should not overrule unless this discretion is clearly abused." (quoting *Germann v. Consol. Rail Corp.*, 153 F.R.D. 499, 500 (N.D.N.Y. 1994))). This Court cannot find that Judge McCarthy clearly erred in refusing to further amend the scheduling order after providing Daniels with several extensions. The Court leaves any adjustments to discovery necessary as a result of this decision to Judge McCarthy's discretion.

plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."[7]  Fed. R. Civ. P. 41(b).

As Judge McCarthy explained in the RR&O, courts consider similar factors under both rules to determine whether dismissal is appropriate.  *See* Docket Item 33 at 5.  More specifically, courts evaluating whether to dismiss an action under Rule 37 consider:

> (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.

*See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009) (alteration in original) (quoting *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)); *see also Cadet v. All. Nursing Staffing of N.Y., Inc.*, 2024 WL 81487, at *8-11 (S.D.N.Y. Jan. 8, 2024) (applying factors), *appeal dismissed*, 2024 WL 5392746 (2d Cir. June 18, 2024).  "Because Rule 37 'requires only that the district court's orders be "just," . . . and because the district court has wide discretion in imposing sanctions under Rule 37, these factors are not exclusive, and they need not each be resolved against the party'" against whom sanctions are sought.  *See Manigaulte v. C.W. Post of Long Island Univ.*, 533 F. App'x 4, 5 (2d Cir. 2013) (summary order) (quoting *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010)).

Along the same lines, courts assessing whether a Rule 41(b) dismissal is appropriate weigh:

---

[7] The court also may dismiss actions sua sponte under Rule 41(b) for failure to prosecute.  *See Manigaulte v. C.W. Post of Long Island Univ.*, 533 F. App'x 4, 5 n.2 (2d Cir. 2013) (summary order) (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)).

> (1) [whether] the plaintiff's failure to prosecute caused a delay of significant duration; (2) [whether the] plaintiff was given notice that further delay would result in dismissal; (3) [whether the] defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion [as] carefully balanced against [the] plaintiff's right to an opportunity for a day in court; and (5) . . . the efficacy of lesser sanctions.

See Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (quoting United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004)); see also Hines v. City of New York, 2014 WL 347438, at *4-5 (E.D.N.Y. Jan. 30, 2014) (applying factors). And as under Rule 37, in evaluating the appropriateness of a Rule 41(b) dismissal, "[n]o single factor is dispositive" and courts should examine "the record as a whole." See Manigaulte, 522 Fed. App'x at *6.

These rules apply to all litigants, including those who represent themselves. Indeed, "[p]ro se litigants . . . are not immune [from] dismissal as a sanction" under either Rule 37 or Rule 41. See Agiwal, 555 F.3d at 302 (Rule 37); LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (Rule 41). The Second Circuit has made clear that "[a]ll litigants, including pro se[ litigants], have an obligation to comply with court orders" and that, "so long as a warning has been given that non[]compliance can result in dismissal," pro se cases may be dismissed when appropriate under the circumstances. See Agiwal, 555 F.3d at 302 (italics omitted) (first quoting Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990); and then quoting Valentine v. Museum of Mod. Art, 29 F.3d 47, 50 (2d Cir. 1994)).

The Second Circuit also has held, however, that dismissal under both Rule 37 and Rule 41 is a "harsh remedy to be used only in extreme situations." See id. (quoting Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990)); LeSane, 239 F.3d at 209-11 (holding that district court erred in dismissing pro se plaintiff's action

9

under Rule 41(b) based on plaintiff's "less than ideally efficient" prosecution of his case for "over a year" and specific failure to comply with an order). In fact, courts "should always seek to impose the least harsh sanction that will remedy the discovery violation and deter such conduct in the future." *Grammar v. Sharinn & Lipshie, P.C.*, 2016 WL 525478, at *3 (S.D.N.Y. Feb. 8, 2016). And while pro se litigants are not exempt from the rules that apply to counseled parties, they nonetheless "should be granted special leniency regarding procedural matters," *see LeSane*, 239 F.3d at 209, and generally afforded "special solicitude," *see Agiwal*, 555 F.3d at 302 (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006)).

Those principles drive this Court's decision here. The Court largely adopts Judge McCarthy's analysis of the relevant factors in assessing sanctions for Daniels's conduct. That is, it agrees with Judge McCarthy that the willfulness and duration of Daniels's noncompliance; the fact that she had been warned;[8] the possible prejudice to

---

[8] It is not clear to this Court that Daniels was explicitly warned about the possible consequences of her noncompliance—in particular, that noncompliance might result in dismissal.

Judge McCarthy found that Daniels had been adequately warned by the text order he issued on August 26, 2024, which stated that Daniels's "failure to produce her Rule 26(a)(1) disclosures would entitle Daemen to seek 'appropriate relief [under] Rule[] 37(b)(2)(A) and (c)(1).'" Docket Item 33 at 7 (quoting Docket Item 23).

But while it might be apparent to a lawyer that "appropriate relief" under those subsections of Rule 37 could "encompass[] dismissal of the action," *see* Docket Item 33 at 7, that might not be so obvious to a pro se litigant such as Daniels. So while Daniels says that she was "warned of the consequences" of her conduct, Docket Item 36 at 6, this Court is not convinced that she was fully cognizant of the fact that failure to comply with discovery orders could lead to the dismissal of her entire case. And the absence of an explicit warning about the severity of the possible sanctions alone would lead this Court to deny Daemen's motion to dismiss, even if it were reviewing the RR&O only for clear error. *See Agiwal*, 555 F.3d at 302 (noting that pro se plaintiff must be afforded a

10

Daemen; and the interest in managing the court's docket all weigh in favor of imposing some sanction. *See* Docket Item 33 at 6-8.

It respectfully disagrees, however, that no sanction other than the ultimate sanction of dismissal would be appropriate. *See id.* at 8-9. More specifically, while it appreciates Judge McCarthy's consideration of Daniels's "limited financial circumstances" in deciding whether other sanctions might be appropriate and effective, *see id.*, it notes that Daniels is not entirely without funds. For example, Daniels paid the filing fee rather than proceeding in forma pauperis, and she even has indicated her willingness to pay her opponent's attorney's fees as a sanction here. *See* Docket Item 36 at 7-8 (asking the Court to order "[a] lesser sanction" and referring to a possible award of "attorney's fees"); *see also* Docket Item 31 at 3 (asking the Court to impose a lesser sanction than dismissal).

Further, while Daniels's conduct throughout the course of this litigation certainly has been less than diligent, she has made some efforts to comply. Most recently, for example, she has filed—at long last—her initial discovery disclosures.[9] *See* Docket Item 37. Thus, "[t]his case is distinguishable from those in which courts have . . . dismissed claims as sanctions for parties that entirely failed to participate in discovery, appear at depositions, attend court conferences, or provide any justification for

---

"warning" that noncompliance may result in dismissal before a court may dismiss an action on that basis).

[9] In its response, Daemen says that those "long[ ]overdue" disclosures are "woefully inadequate." Docket Item 39 at 5. But Daniels's filing nonetheless indicates her attempt to comply with her discovery obligations.

11

noncompliance."[10]  *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 673 F. Supp. 3d 345, 364-65 (S.D.N.Y. 2023) (collecting cases).

For all those reasons, this Court believes that some other sanction—for example, a modest and limited award of attorney's fees—would be fairer and more appropriate here.  It therefore denies Daemen's motion to dismiss and refers the case back to Judge McCarthy to determine an appropriate sanction, such as an amount of attorney's fees that Daniels must pay to Daemen.  Any such calculation should take into account Daniels's financial circumstances as well as the cost that Daemen incurred as a result of Daniels's noncompliance.

### B. Motion for Counsel

Because Judge McCarthy recommended that Daemen's motion to dismiss be granted, he also recommended that Daniels's motion for counsel, Docket Item 30, be denied as moot.  Docket Item 33 at 10.  In light of this decision, however, Daniels's motion for counsel is not moot.

---

[10] Indeed, because Daniels may be subject to monetary fees and the possibility of evidence preclusion, the harsh sanction of dismissal simply is not warranted.  And while Judge McCarthy appeared to find that preclusion would not be an adequate sanction under Rule 37(b) because preclusion from offering certain evidence under Rule 37(c) would already be "presumptively automatic," *see* Docket Item 33 at 8-9, it is not clear to this Court that is so, *see In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 673 F. Supp. 3d 345, 354 (S.D.N.Y. 2023) ("When determining the appropriate remedy for a violation of Rule 37(b), a court 'should impose the least harsh sanction' that will 'serve as an adequate remedy; the range of sanctions, from the least harsh to the harshest, include further discovery, cost-shifting, fines, special jury instructions, preclusion, entry of default judgment, and dismissal.'" (quoting *Slovin v. Target Corp.*, 2013 WL 840865, at *6 (S.D.N.Y. Mar. 7, 2013))).  In fact, it is not clear to this Court that any sanction toward the severe end of that list is warranted here.

12

Under 28 U.S.C. § 1915(e)(1), "[a] court may request an attorney to represent any person unable to afford counsel." The Second Circuit has stated that "[i]n deciding whether to appoint counsel" under section 1915, "the district judge should first determine whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). "If the claim meets th[at] threshold requirement," the judge should weigh other factors, including

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Id.* at 61-62.

Here, based on the record before the Court, Daniels has not yet shown that her "position [is] likely to be of substance."[11] *See Hodge*, 802 F.2d at 61. Indeed, this case has barely progressed to discovery. Further, as discussed above, Daniels has so far failed to comply with scheduling orders and discovery deadlines. And while the Court takes Daniels's point that a lawyer may help her in this regard, Daniels must show herself committed to following court orders before counsel will be assigned.

In sum, at this stage in the case, the Court lacks sufficient information to consider the factors stated in *Hodge*. Daniels's motion for counsel therefore is denied without prejudice to renewal at a later stage of this case.

---

[11] In addition, while this Court has no reason to doubt that Daniels lacks the funds to hire an attorney, it notes that she is not proceeding in forma pauperis and that she has suggested that she could pay her opponent's attorney fees as a sanction. *See* Docket Item 36 at 7-8.

13

## **CONCLUSION**

For the reasons stated above, Daemen's motion to dismiss, Docket Item 24, is DENIED without prejudice, and Daniels's motion for counsel, Docket Item 30, also is DENIED without prejudice.  The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of October 18, 2024, Docket Item 25.  In particular, Judge McCarthy shall impose an appropriate sanction, such as ordering Daniels to pay an appropriate portion of the attorney's fees that Daemen incurred as result of her noncompliance.

**Daniels is advised that should she continue to fail to abide by court orders and deadlines, she will be subject to further sanctions, including dismissal of this action.  In fact, Daniels should understand that this Court is giving her only one more chance.  If Daniels continues to flout court orders, Daemen may move again for dismissal of this action.  And having granted Daniels one reprieve already, this Court will not be inclined to do so again.**

SO ORDERED.

Dated:   June 26, 2025
            Buffalo, New York

                                        */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE