UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CASSANDRA DANIELS,

        Plaintiff,

       v.                                   23-CV-939-LJV-JJM
                                              DECISION & ORDER

DAEMEN UNIVERSITY,

        Defendant.

---

On September 7, 2023, the pro se plaintiff, Cassandra Daniels, commenced this action under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Americans with Disabilities Act of 1990, and New York State law. Docket Item 1. After the defendant, Daemen University ("Daemen") answered the complaint, Docket Item 4, this Court referred the case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B), *see* Docket Items 8 and 25.[1]

On October 18, 2024, Daemen moved to dismiss the complaint for failure to prosecute and timely comply with discovery deadlines under Fed. R. Civ. P. 26(a)(1). Docket Item 24. On January 17, 2025, Daniels responded and moved to amend the scheduling order, Docket Item 31, and on January 27, 2025, Daemen replied, Docket Item 32. Judge McCarthy then issued a Report, Recommendation, and Order ("RR&O")

---

[1] This Court initially referred this case to Judge McCarthy under only 28 U.S.C. § 636(b)(1)(A). Docket Item 8. It subsequently issued an amended referral order providing that Judge McCarthy "shall also hear and report upon dispositive motions for the consideration of [this Court under] 28 U.S.C. § 636(b)(1)(B) and(C)." Docket Item 25.

recommending that Daemen's motion to dismiss be granted and that Daniels's motion for counsel be denied as moot. Docket Item 33 at 9-10. In the same RR&O, Judge McCarthy also denied Daniels's request to extend the pretrial deadlines. Docket Item 33 at 5.

This Court affirmed Judge McCarthy's denial of Daniels's request to extend the pretrial deadlines but rejected his recommendation to dismiss the case. Docket Item 45 at 2-3, 14. The Court referred the case back to Judge McCarthy to impose an "appropriate" and "lesser" sanction. *Id.*

Judge McCarthy then requested and received "proposals for an appropriate sanction." *See* Docket Items 46, 47, 54. After reviewing those proposals, Judge McCarthy issued a second Report and Recommendation ("second R&R") recommending "that Daniels be precluded from offering any information which should have been timely disclosed under Rule 26(a)(1)." Docket Item 57 at 10. In the meantime, Daniels moved for the appointment of counsel, *see* Docket Item 56, and Judge McCarthy denied that motion, Docket item 57 at 11. He also denied "Daemen's request for an award of attorney's fees." *Id*. at 11.

The parties did not object to the second R&R, and the time to do so now has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In fact, Daniels requested and was granted an extension of time to object, *see* Docket Item 58, but almost two months has passed since the extended deadline passed and Daniels still has not objected.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must

2

review de novo those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge McCarthy's second R&R as well as the parties' submissions to him.  Based on that review and the absence of any objections, the Court accepts and adopts Judge McCarthy's recommendation to preclude Daniels from offering any evidence "which should have been timely disclosed under Rule 26(a)(1)."  *See* Docket Item 46 at 10.  The Court also affirms Judge McCarthy's denial of Daniels's motion for appointment of counsel and his denial of Daemen's request for attorney's fees.

For the reasons stated above and in the second R&R, Daniels is precluded from offering any evidence which should have been timely disclosed under Rule 26(a)(1).  Furthermore, Daniels's motion for appointment of counsel, Docket Item 56, is denied, and Daemen's request for attorney's fees, Docket Item 47, is also denied.  The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of October 18, 2024.  *See* Docket Item 25.

SO ORDERED.

Dated:     October 23, 2025
           Buffalo, New York

                                                    */s/ Lawrence J. Vilardo*
                                                    LAWRENCE J. VILARDO
                                                    UNITED STATES DISTRICT JUDGE