UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CASSANDRA DANIELS,

Plaintiff,

v.

DAEMEN UNIVERSITY,

Defendant.

---

23-CV-939-LJV-JJM
DECISION & ORDER

On September 7, 2023, the pro se plaintiff, Cassandra Daniels, commenced this action under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Americans with Disabilities Act of 1990, and New York State law. Docket Item 1. After the defendant, Daemen University ("Daemen") answered the complaint, Docket Item 4, this Court referred the case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B), *see* Docket Items 8 and 25.[1]

On October 18, 2024, Daemen moved to dismiss the complaint for failure to prosecute and timely comply with discovery deadlines under Federal Rules of Civil Procedure 37 and 41. Docket Item 24. On January 17, 2025, Daniels responded and moved to amend the scheduling order, Docket Item 31, and on January 27, 2025, Daemen replied, Docket Item 32. Judge McCarthy then issued a Report,

---

[1] This Court initially referred this case to Judge McCarthy under only 28 U.S.C. § 636(b)(1)(A). Docket Item 8. It subsequently issued an amended referral order providing that Judge McCarthy "shall also hear and report upon dispositive motions for the consideration of [this Court under] 28 U.S.C. § 636(b)(1)(B) and (C)." Docket Item 25.

Recommendation, and Order ("RR&O") finding that Daemen's motion to dismiss should be granted and that Daniels's motion for counsel should be denied as moot. Docket Item 33 at 5-10. In the same RR&O, Judge McCarthy also denied Daniels's request to extend the pretrial deadlines. *Id.* at 4-5.

This Court affirmed Judge McCarthy's denial of Daniels's request to extend the pretrial deadlines but rejected his recommendation to dismiss the case. Docket Item 45 at 2-3, 14. The Court referred the case back to Judge McCarthy to impose an "appropriate" and "lesser" sanction. *Id.*

Judge McCarthy then requested and received "proposals for an appropriate sanction." *See* Docket Items 46, 47, 54. After reviewing those proposals, Judge McCarthy issued a second Report and Recommendation ("second R&R") recommending "that Daniels be precluded from offering any information which should have been timely disclosed under Rule 26(a)(1)." Docket Item 57 at 11. In the meantime, Daniels moved for the appointment of counsel, Docket Item 56, and Judge McCarthy denied that motion, Docket item 57 at 11. Judge McCarthy also denied "Daemen's request for an award of attorney's fees." *Id*. The parties did not object to the second R&R.

This "Court accept[ed] and adopt[ed] Judge McCarthy's recommendation to preclude Daniels from offering any evidence which should have been timely disclosed under Rule 26(a)(1)." Docket Item 59 at 3 (citation and internal quotation marks omitted). "The Court also affirm[ed] Judge McCarthy's denial of Daniels's motion for appointment of counsel and his denial of Daemen's request for attorney's fees." *Id.*

The Court referred the case "back to Judge McCarthy for further proceedings consistent with the referral order of October 18, 2024." *Id.*

A couple weeks later, Judge McCarthy ordered Daniels to "show cause . . . why [he] should not recommend . . . that summary judgment be granted dismissing her [c]omplaint . . . with prejudice" under Rule 56(f)(3). *See* Docket Item 62. In response, Daniels said that even though she "is precluded from offering evidence that should have been submitted under [] Rule 26," she is "not prohibit[ed] . . . from using information [that Daemen] submitted . . . in [its] Rule 26 disclosure[s]." Docket Item 64 at 1. And that information, Daniels argued, demonstrates "that there are material facts in dispute." *See id.*

Suspecting that Daniels "may not have completely understood her obligations," Judge McCarthy gave Daniels an opportunity to supplement her response. *See* Docket Item 65 at 2. More specifically, Judge McCarthy directed Daniels to:

> [(1) ]cit[e] to particular parts of materials in the record[], as required by Rule 56(c)(1)(A)[; (2)] cit[e] to admissible evidence or to evidence that can be presented in admissible form at trial[;] and [(3) ]identify[] with specificity the relevant page and paragraph or line number of the evidence cited[], as required by Loc[al] R[ule of] Civ[il] P[rocedure] 56(a)(2).

*Id.* (internal quotation marks omitted). But Daniels's supplemental response did not follow those instructions. *See* Docket Item 67; *see also* Docket Item 68 at 2 (Judge McCarthy's finding that Daniels "offer[ed] no evidence in support of her claims").

Accordingly, Judge McCarthy issued a third Report and Recommendation ("third R&R") "recommend[ing] that this [C]ourt grant summary judgment dismiss[ing] Daniels'[s c]omplaint . . . with prejudice." Docket Item 68 at 3. The parties did not object to the third R&R, and the time to do so now has expired. *See* Fed. R. Civ. P. 72(b)(2). In fact, Daniels requested and was granted two extensions of time to object,

*see* Docket Items 69 and 70, but more than five months have passed since the extended deadline and Daniels still has not objected.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review de novo those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge McCarthy's third R&R. Based on that review and the absence of any objections, the Court accepts and adopts Judge McCarthy's recommendation that the Court grant summary judgment dismissing Daniels's complaint. In light of her pro se status, Daniels has been given multiple opportunities to prosecute her claim but has not taken advantage of them. Therefore, for the reasons stated above and in the third R&R, and in light of Daniels's failure to object to that R&R despite being given additional time to do so, Daniels's complaint is dismissed under Federal Rule of Civil Procedure 56(f)(3). The Clerk of the Court shall close this case.

SO ORDERED.

Dated: August 24, 2026
Buffalo, New York

***/s/ Lawrence J. Vilardo***
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE